Zhang v. Sessions

BIA
Loprest, IJ
A200 923 620

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

TI QIANG ZHANG,
> *Petitioner,*

v.                                        16-2928
                                          NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:          Chad A. Readler, Acting
                         Assistant Attorney General;
                         Jessica E. Burns, Senior
                         Litigation Counsel; Juria L.
                         Jones, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ti Qiang Zhang, a native and citizen of the People's Republic of China, seeks review of an August 9, 2016, decision of the BIA affirming an August 21, 2015, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ti Qiang Zhang,* No. A200 923 620 (B.I.A. Aug. 9, 2016), *aff'g* No. A200 923 620 (Immig. Ct. N.Y. City Aug. 21, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA and reach only the agency's adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For the reasons that follow, we conclude that substantial evidence supports the agency's finding that Zhang was not credible.

Initially, as the Government observes, Zhang has waived review of the agency's reliance on his omission from his application of the police's search for him and his post-detention medical treatment by failing to challenge those findings in his brief. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). These omissions therefore stand as

3

appropriate bases for the credibility determination. *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes.).

The agency also reasonably based the credibility determination on Zhang's inconsistent testimony about when his arrest, release from detention, and search by police occurred. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency . . . in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible."). Although a discrepancy in dates need not be fatal if "minor and isolated," *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000), Zhang's date discrepancies were extensive and called into question his familiarity with the timeline of his claim. The agency was not required to credit Zhang's explanation that he was nervous. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder

4

would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The credibility determination is bolstered by the IJ's observations of Zhang's demeanor. *See Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006). The record reflects that Zhang was nonresponsive to questions on cross examination. While Zhang contends that this characterization is arguable, we do not second guess the IJ's fact finding unless the record compels a different conclusion. *Siewe v. Gonzales*, 480 F.3d 160, 167-69 (2d Cir. 2007).

Finally, Zhang's challenges to the IJ's treatment of his corroborating evidence are misplaced. Although Zhang is correct that the IJ failed to notify Zhang of his need to lay foundation for his letters from family, this error does not warrant remand. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 106-07 (2d Cir. 2006) (observing that remand is futile if the agency's "errors are relatively minor in light of the record as a whole"). We see no realistic possibility that the outcome would be different on remand because the IJ also discounted the letters on the ground that their authors were unavailable for cross examination, which is a reasonable basis that Zhang does not challenge here. *Matter of H-L-H-*

5

*& Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Moreover, "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence." *Y.C.*, 741 F.3d at 332. The IJ considered the photographic evidence of Zhang's Falun Gong activities in the United States, but reasonably concluded that it did not rehabilitate Zhang's inconsistent testimony.

Given the foregoing inconsistency, omission, demeanor, and corroboration findings, we conclude that the adverse credibility determination is supported by the "totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

6

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court